UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wealth Enhancement Group, LLC,      Case No. 23-CV-03034 (JMB/JFD)

          Plaintiff,

v.      **FINAL JUDGMENT**

Julie Darrah,

          Defendant.

---

Plaintiff Wealth Enhancement Group, LLC (WEG) having filed the above-captioned action (the Action) and Defendant Julie Anne Darrah (Defendant) having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. that Final Judgment shall enter with respect to every claim and cause in the Action in favor of WEG and against Defendant in the amount of $7,000,000.00, and as further detailed herein.

2. that Defendant is permanently restrained and enjoined from contacting, directly or indirectly, any current or former customers of WEG or its subsidiaries or Vivid Financial Management, Inc. (collectively, "Customers"), unless, after such Customer contacts Defendant, such Customer thereafter gives Defendant express and documented permission to contact them. Regardless of whether there is express and

documented permission from a Customer as set forth in the preceding sentence, Defendant is permanently restrained and enjoined from talking to any Customer about WEG or Vivid Financial Management, Inc. business, or matters pertaining to such Customer's personal finances, investments, financial plan, trusts and/or estate plan; except in connection with discovery in litigation by a Customer against Defendant.

3. that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing Paragraph 2 also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, partners, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

4. that Defendant shall pay WEG $7,000,000.00 in settlement of all claims that were or could have been asserted in the Action.

5. that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the amended complaint filed in the Action are true and admitted by Defendant, and further, any amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(l9) of the Bankruptcy Code, 11 U.S.C. § 523(a)(l9).

6. that the Parties may not challenge the validity of this Judgment, and this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: December 30, 2024

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court